# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELLE PIERCE,<br><br>        Plaintiff,<br><br>    v.<br><br>STONE,<br><br>        Defendant. | Case No. 1:17-cv-01614-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 3, 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Darnelle Pierce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 5, 2017, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty (30) days. (ECF No. 3.) On January 18, 2018, the Court issued a second order requiring Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty (30) days. (ECF No. 8.) The relevant time periods for Plaintiff to respond to the Court's orders have expired, and Plaintiff has not consented to or declined Magistrate Judge jurisdiction. Nor has Plaintiff otherwise responded to the Court's orders.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with

1

1    prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure
2    to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995)
3    (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th
4    Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
5    complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for
6    failure to comply with court order).

7    In determining whether to dismiss an action, the Court must consider several factors:
8    (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
9    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
10   cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779
11   F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In
12   re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006)
13   (standards governing dismissal for failure to comply with court orders).  These factors guide a
14   court in deciding what to do and are not conditions that must be met in order for a court to take
15   action.  In re PPA, 460 F.3d at 1226 (citation omitted).

16   The Court finds that the public's interest in expeditious resolution of litigation and the
17   Court's need to manage its docket weigh in favor of dismissal.  This action has been pending
18   since December 2017 and can proceed no further without Plaintiff's cooperation and compliance
19   with the Court's orders.  Moreover, the matter cannot simply remain idle on the Court's docket,
20   unprosecuted, awaiting Plaintiff's compliance.  As for the risk of prejudice, the law presumes
21   prejudice from unreasonable delay.  In re PPA, 460 F.3d at 1227–28.  Regarding the fourth factor,
22   while public policy favors disposition on the merits and therefore weighs against dismissal, it is
23   Plaintiff's own conduct which is at issue here and which has stalled the case.  Id. at 1228.
24   Finally, there are no alternative sanctions which are satisfactory.  A monetary sanction has little to
25   no benefit in a case in which Plaintiff has ceased responding to the Court's orders.

26   Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
27   district judge to this action.
28   ///

| | |
|---|---|
| 1 | Furthermore, it is HEREBY RECOMMENDED that this action be dismissed, without |
| 2 | prejudice, for Plaintiff's failure to obey Court orders and failure to prosecute. |
| 3 | These findings and recommendations will be submitted to the United States District Judge |
| 4 | assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen** |
| 5 | **(14) days** after being served with these findings and recommendations, Plaintiff may file written |
| 6 | objections with the Court. The document should be captioned "Objections to Magistrate Judge's |
| 7 | Findings and Recommendations." Plaintiff is advised that failure to file objections within the |
| 8 | specified time may result in the waiver of the "right to challenge the magistrate's factual |
| 9 | findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. |
| 10 | Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: **March 1, 2018**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE