# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELLE PIERCE,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. STONE,<br><br>        Defendant. | Case No. 1:17-cv-01614-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Darnelle Pierce ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on December 5, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. Plaintiff names Dr. Stone, a neurologist at Mercy Hospital in Bakersfield, California, as the sole defendant.

Plaintiff asserts a violation of his Eighth Amendment rights regarding medical care. He alleges as follows:

> I am filing this form do to me being physically, verbally, and emotionally assaulted by Dr. Stone a neurologist at Mercy Hospital in Bakersfield, CA. I was sent to this hospital form Corcoran Correctional facility do to me not being able to urinate. I arrived on the 23rd of Nov. 2016, and was admitted in order to see a Neurologist. On the 24th of Nov. 2016, the Neurologist spoke with me. It was clear, do to it being Thanksgiving, Dr. Stone wasn't in a good mood. He was very disrespectful, using foul language when addressing me. When Dr. Stone started to look into my issue, present there was two Nurses Vicky & Luz, also a Correctional Officer W. Cherry #12516. It was approximately 2:00 pm when Dr. Stone begain. He had a object some sort of catheter, only with a camera, so he could look into my penuis at the end of it. When Dr. Stone inserted the object inside me, I instantly felt a great deal of pain. Dr. Stone became very hostile, cursing as well as snatching the object out of my penuis and slamming it on my legs very hard, the shin area. C/O Cherry as well as myself tryed to calm the situation. However felled, because when Dr. Stone walked out of the room I was in 519, he was yelling and cursing loudly. He told me he would have to put me to sleep in order to go on, that would be at 8:00 pm. At 8:00 pm, when I was

> escorted to the room of the procedure, do to me being scared to allow him (Dr. Stone) to work on me. He, Dr. Stone look at me, and called me a scumbage.

(ECF No. 1 at p. 3) (unedited text). Plaintiff further alleges that Defendant Stone's actions caused him severe emotional and mental distress by him forcibly pulling out the catheter and causing severe pain and injury, including swelling, bleeding and tenderness. Defendant Stone also struck Plaintiff with an object on his shin with significant force, causing bruising and swelling. Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

### III. Discussion

Prisoners may only bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983. In general, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983. See Briley v. California, 564 F.2d 849, 855–856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."). "In order to be considered state action, when a private actor participates in a governmental act, the court must find a sufficiently close nexus between the state and the private actor 'so that the action of the latter may be fairly treated as that of the State itself.'" Jensen v. Lane Cty., 222 F.3d 570, 575 (9th Cir.2000) (citing Jackson v. Metro. Edison Co., 418 U.S. 345, 350 (1974). Plaintiff may be able to hold a private doctor liable if the private physician or hospital contracted with the state to provide medical care to inmates. See West v. Atkins, 487 U.S. 42, 55–56, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)

Here, Dr. Stone is not an employee of the state, but a doctor at a private hospital. Plaintiff does not allege that there is any contractual or close nexus between the hospital/Dr. Stone and the prison. Accordingly, Plaintiff fails to adequately allege that Dr. Stone was acting under color of state law.

However, even if Plaintiff were able to demonstrate that Dr. Stone was a state actor, he does not state a cognizable Eighth Amendment medical care claim against him. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to

serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does not allege that Dr. Stone acted with deliberate indifference to a serious medical need. At best, Plaintiff has established that when Dr. Stone was unable to insert the catheter-like object a first time, he then determined that Plaintiff would need to be under anesthesia in order to complete the procedure. There is no indication that Dr. Stone failed to provide an appropriate course of treatment or that he was deliberately indifferent to Plaintiff's need for treatment. Plaintiff's allegations of verbal harassment by Dr. Stone are not sufficient to

state a claim under section 1983. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987).

Plaintiff also has not adequately alleged a claim for excessive force regarding the removal and slamming of the catheter-like object on Plaintiff's leg. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Wilkins v. Gaddy</u> 559 U.S. 34, 37-38 (2010) (citation omitted). "An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." <u>Id.</u> (citation and internal quotations omitted).

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. The deficiencies of Plaintiff's complaint cannot be cured be amendment, and thus leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A..

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2018**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE