1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DARNELLE PIERCE,                    Case No.  1:17-cv-01614-DAD-BAM (PC)

12              Plaintiff,               Appeal No. 18-17337

13        v.                             ORDER REGARDING *IN FORMA PAUPERIS*
                                         STATUS ON APPEAL
14   STONE, et al.,

15              Defendants.

16

17         Plaintiff Darnelle Pierce ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma*

18   *pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On October 3, 2018, the

19   Court dismissed this action, with prejudice, due to Plaintiff's failure to state a claim upon which

20   relief may be granted.  (ECF No. 16.)  Judgment was entered accordingly the same date.  (ECF

21   No. 17.)  On December 3, 2018, Plaintiff filed a notice of appeal.  (ECF No. 18.)

22         On December 11, 2018, the Ninth Circuit Court of Appeals referred the matter back to this

23   Court for the limited purpose of determining whether *in forma pauperis* status should continue for

24   the appeal.  28 U.S.C. § 1915(a)(3).  The Court finds that this appeal is not taken in bad faith and

25   ///

26   ///

27   ///

28
                                         1

is not frivolous.[1]  Accordingly, *in forma pauperis* status should not be revoked and should continue on appeal.

IT IS SO ORDERED.

Dated:   **December 27, 2018**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Although the appeal was filed on December 3, 2018, well beyond the thirty days provided by Federal Rule of Appellate Procedure 4(a)(1)(A), the Court notes that Plaintiff's proof of service is dated October 22, 2018.  (ECF No. 18, p. 4.)  Pursuant to the prison mailbox rule, and without the benefit of other information, the Court will treat Plaintiff's notice of appeal as filed as of October 22, 2018, the date it was delivered to the prison authorities for mailing to the Court.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).  Therefore, the appeal appears to be timely filed.